# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| ROBERT GILREATH, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| LINCOLN LIFE ASSURANCE ) | _____ |
| COMPANY OF BOSTON, f/k/a Liberty ) | |
| Life Assurance Company of Boston, ) | |
| ) | |
| DEFENDANT. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant Lincoln Life Assurance Company of Boston f/k/a Liberty Life Assurance Company of Boston ("Lincoln Life"), hereby invokes this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1441, and states the following grounds for removal:

1. Plaintiff instituted this action on or about October 22, 2019, in the Circuit Court of Etowah County, Alabama, Case No. 31-CV-2019-900853.00 (hereinafter referred to as the "State Action").

2. Plaintiff served Lincoln Life with the State Action Summons and Complaint on October 25, 2019. A true and correct copy of the served Summons and Complaint are attached as Exhibit A. Lincoln Life has not served any answer or responsive pleading to the Complaint, nor made any appearance or argument

before the State Court.  Thus, this Notice has been filed with this Court within thirty (30) days of service of copies of the Summons and Complaint in the State Action upon any defendant.

3. This action is removed to this Court pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.

4. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce.  29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan.  29 U.S.C. § 1002(3).  A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

5. In the State Action, Plaintiff is seeking to recover long term disability benefits (along with other damages) from a disability benefits plan, in which he

was a participant by virtue of his employment with Vulcraft.[1]  The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA").  The benefits sought by Plaintiffs in the State Action are sought from an ERISA plan.  Therefore, the plan and an action for benefits under the plan are governed by ERISA, and Plaintiff states that his claim "is filed pursuant to 29 USC §1132."[2]  The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan.  Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA.  Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3).  *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).  Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

---

[1]  Complaint at ¶ 1.
[2]  Complaint at ¶ 9.

6. Lincoln Life submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

7. The State Court from which this action was removed and in which this action was commenced is within this Court's district and division.

8. This Notice of Removal will be filed promptly with the State Court, as required by 28 U.S.C. § 1446(d).

9. By copy of this document and in accordance with the Certificate of Service, Lincoln Life is providing notice to all parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Lincoln Life gives notice that the referenced action pending in the Circuit Court of Etowah County, Alabama has been removed to this Court.

Respectfully submitted,

/s/ *Matthew W. Robinett*
Matthew W. Robinett
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL  35205
Telephone: (205) 328-6643
Facsimile:  (205) 251-5479
Email: mrobinett@nwkt.com

AND

>Iwana Rademaekers, Esq.
>(Motion for *Pro Hac Vice* pending)
>Texas Bar No. 16452560
>Attorney for Defendant
>LAW OFFICES OF IWANA RADEMAEKERS, P.C.
>14785 Preston Road, Suite 550
>Dallas, Texas 75254
>Main:  (214) 579-9319
>Fax:  (469) 444-6456
>Email:  iwana@rademaekerslaw.com
>
>ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following Parties of Record:

>Myron K. Allenstein
>Rose Marie Allenstein
>Allenstein & Allenstein, LLC
>141 South 9th Street
>Gadsen, AD  35901
>e-mail:  myron@allenstein.com
>e-mail:  rose@allenstein.com

>>*s/ Matthew W. Robinett*
>>Counsel of Record