FILED
2020 Jan-06 PM 03:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| ROBERT GILREATH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case Number: 4:19-CV-1889-CLM |
| | * | |
| LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, f/k/a Liberty Life Assurance Company of Company of Boston, | * * * | |
| | * | |
| Defendant. | * | |

**REPORT OF PARTIES' PLANNING MEETING**

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on December 10, 2019 and was attended by Myron K. Allenstein on behalf of Plaintiff Robert Gilreath ("Plaintiff") and Iwana Rademaekers. on behalf of Defendant Lincoln Life Assurance Company of Boston ("Lincoln Life" or "Defendant").

2. **Pre-discovery Disclosures**. The parties will exchange the information required by Local Rule 26.1 (a)(1) on or before **May 10, 2020**.

3. **Electronically Stored Information**: Any electronically stored information generated as part of the claim process will be produced as part of the claim file.

4. **General Claims/Defenses**. The general claims and defenses of the parties are as follows:

a. Plaintiff: This is a claim for LTD benefits under ERISA.

b. Defendant: Plaintiff is not disabled as defined by the policy.

5. **Discovery Plan**:

a. In the event the Court determines that Plaintiff is entitled to discovery in addition to the evidence in the administrative record at the time the benefit

determination(s) was made and the plan documents themselves, discovery will be needed on the following subjects:

(i.) All factual allegations and claims made by Plaintiff in her Complaint;

(ii.) All damages claimed by Plaintiff in this matter; and

(iii.) All defenses raised by Defendant in this matter.

b. All discovery commenced in time to be completed by **April 20, 2020**.

c. Maximum of **30** interrogatories by each party to any other party without prior approval of the Court. Maximum of **30** requests for production by each party to any other party without prior approval of the Court. (Responses due **30** days after service).

d. Maximum of **5** depositions by Plaintiff and **5** by Defendant without prior approval of the Court.

e. Reports from retained experts under Rule 26(a)(2) due:

(i.) from **Plaintiff** by **June 20, 2020**

(ii.) from **Defendant** by **July 20, 2020**

f. Supplementation under Rule 26(e) due no later than **30** days before the close of discovery.

6. **Other items.**

a. The parties do not request a conference with the Court prior to entry of the Scheduling Order.

b. The parties should be allowed until **May 20, 2020** to join additional parties and to amend the pleadings, and until **June 20, 2020** to respond to any above-mentioned amendments.

c. All potentially dispositive motions should be filed by **October 20, 2020**.

d. The parties are receptive to mediation but do not request Court ordered mediation at this time. The usefulness of Alternative Dispute Resolution

procedures cannot be evaluated until the parties exchange initial disclosures and engage in written discovery.

e. The Parties request a final pretrial conference in or after **May 2020**.

f. Final lists of trial evidence under Rule 26(a)(3) should be due pursuant to the terms of the pretrial order.

g. Parties should have **14** days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

h. The case should be ready for a non-jury trial by ___________ **2020** and at this time is expected to take approximately **1-2 days**.

Respectfully Submitted: January 6, 2020.


s/MYRON K. ALLENSTEIN
Myron K. Allenstein
ALLENSTEIN & ALLENSTEIN, LLC
141 South 9th Street
Gadsden, AL 35901
(256) 546-6314 (phone)
(256) 547-7648 (fax)
myron@allenstein.com

s/IWANA RADEMAEKERS
Texas Bar No. 16452560
Attorney for Defendant
14785 Preston Road
Suite 550
Dallas, TX 75254
Telephone: (214) 579-9319
Fax: (469) 444-6456
iwana@rademaekerslaw.com