FILED
2020 Jan-29 PM 04:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| ROBERT GILREATH,<br><br>PLAINTIFF,<br><br>v.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, f/k/a Liberty Life Assurance Company of Boston,<br><br>DEFENDANT. | ) | Civil Action No.<br><br>4:19-cv-01889-CLM |

**<u>DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT</u>**

Defendant Lincoln Life Assurance Company of Boston f/k/a Liberty Life Assurance Company of Boston ("Lincoln Life") answers the Amended Complaint filed by Plaintiff Robert Gilreath ("Plaintiff") through its undersigned counsel and alleges as follows:

## <u>FOR A FIRST DEFENSE</u>

### Count I
### ERISA Benefits

1. Regarding the allegations contained in Paragraph 1 of Count I of the Amended Complaint, Lincoln Life admits that Plaintiff was, at certain times, an employee of an associated company of Nucor Corporation ("Nucor"), and that documents in the administrative record regarding Plaintiff's claim for benefits from the Nucor Corporation Long Term Disability Plan (the "LTD Plan") under

the Policy contain information concerning Plaintiff's date of birth, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 1 of Count I of the Amended Complaint.

2. Regarding the allegations contained in Paragraph 2 of Count I of the Amended Complaint, Lincoln Life admits Plaintiff was, at certain times, an employee of an associated company of Nucor. Lincoln Life admits it issued a Group Disability Income Policy ("Policy") to Nucor, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln Life further admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln Life specifically denies that it was the Plan Administrator of the LTD Plan, and Lincoln Life denies all remaining allegations contained in Paragraph 2 of Count I of the Amended Complaint.

3. Regarding the allegations contained in Paragraph 3 of Count I of the Amended Complaint, Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 3 of Count I of the Amended Complaint.

4. Regarding the allegations contained in Paragraph 4 of Count I of the Amended Complaint, Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 4 of Count I of the Amended Complaint.

5. Regarding the allegations contained in Paragraph 5 of Count I of the Amended Complaint, Lincoln Life admits Plaintiff was, at certain times, an employee of an associated company of Nucor, and was, at certain times, a participant in the LTD Plan sponsored by Nucor. Lincoln Life admits it issued the Policy to Nucor, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln Life denies all remaining allegations contained in Paragraph 5 of Count I of the Amended Complaint.

6. Regarding the allegations contained in Paragraph 6 of Count I of the Amended Complaint, Lincoln Life admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln Life admits it sent a letter dated December 14, 2016, to Plaintiff, and a letter dated March 27, 2019, to Plaintiff's counsel, but Lincoln Life refers to the letters themselves as the best

evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 6 of Count I of the Amended Complaint.

7. Regarding the allegations of Paragraph 7 of Count I of the Amended Complaint, Lincoln Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln Life denies all remaining allegations contained in Paragraph 7 of Count I of the Amended Complaint.

8. Regarding the allegations of Paragraph 8 of Count I of the Amended Complaint, Lincoln Life admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 8 of Count I of the Amended Complaint.

9. Regarding the allegations of Paragraph 9 of Count I of the Amended Complaint, Lincoln Life admits Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)). Lincoln Life denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 9 of Count I of the Amended Complaint.

10. No response is required to the "WHEREFORE" Paragraph thereafter, as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Lincoln Life denies Plaintiff is entitled to any remedy or relief against Lincoln Life whatsoever.

**COUNT II**
**Termination of Insurance Policy**

1. Lincoln Life repeats and realleges all of its answers to the allegations contained in Count I of the Amended Complaint as though fully set forth in response to Paragraph 1 of Count II of the Amended Complaint.

2. Regarding the allegations contained in Paragraph 2 of Count II of the Amended Complaint, Lincoln Life admits it issued a life insurance policy to Nucor. Lincoln Life denies all remaining allegations contained in Paragraph 2 of Count II of the Amended Complaint.

3. Lincoln Life denies the allegations contained in Paragraph 3 of Count II of the Amended Complaint.

4. Lincoln Life denies the allegations contained in Paragraph 4 of Count II of the Amended Complaint.

5. No response is required to the "WHEREFORE" Paragraph thereafter, as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Lincoln Life denies Plaintiff is entitled to any remedy or relief against Lincoln Life whatsoever. Further, Lincoln Life denies all allegations contained in the Amended Complaint not specifically admitted herein.

## FOR A SECOND DEFENSE

To the extent the Amended Complaint seeks extra-contractual damages in addition to disability benefits allegedly due and attorneys' fees and costs as provided by ERISA, no such relief is available to Plaintiff as a matter of law.

## FOR A THIRD DEFENSE

The claim and appeal determinations in this matter were reasonable and were not arbitrary and capricious or an abuse of discretion under ERISA.

## FOR A FOURTH DEFENSE

Some or all of the claims asserted or relief sought by Plaintiff in the Amended Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or failure to fulfill conditions precedent under the terms of the applicable plans because of Plaintiff's failure to submit all relevant documents in

support of his claim and appeals and/or failure to comply with other plan requirements.

**FOR A FIFTH DEFENSE**

Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset, pursuant to the terms of the document governing the long term disability plan, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on his own or his dependent(s)'s behalf.

**FOR A SIXTH DEFENSE**

With regard to Plaintiff's claim for benefits from the LTD plan, Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process. With regard to Plaintiff's claim for waiver of premium for continuation of life benefit coverage, Plaintiff failed to satisfy conditions precedent to that claim in that Plaintiff failed to file a claim for waiver of the premium and failed to exhaust administrative remedies regarding the claim for waiver of the premium.

**FOR A SEVENTH DEFENSE**

Based on the appropriateness of the denial and the lack of any improper conduct by Lincoln Life, Lincoln Life requests that the Court order its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

**FOR AN EIGHTH DEFENSE**

Plaintiff's claim against Lincoln Life is barred because Plaintiff failed to file this action within the applicable legal and/or contractual statute of limitations period.

**FOR A NINTH DEFENSE**

Lincoln Life reserves the right to assert additional defenses.

WHEREFORE, Lincoln Life prays that the Court dismiss the Amended Complaint with prejudice, enter judgment in Lincoln Life's favor, award Lincoln Life its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and award to Lincoln Life such other and further relief as the Court deems just and proper.

Dated this 29th day of January 2020.

Respectfully submitted,

s/ *Iwana Rademaekers*
**IWANA RADEMAEKERS**
(Admitted *Pro Hac Vice*)
Texas Bar No. 16452560
Attorney for Defendant
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

AND

**MATTHEW W. ROBINETT**
ASB-3523-I72M
Attorney for Defendant
**NORMAN, WOOD, KENDRICK & TURNER**
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of January 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following Parties of Record:

Myron K. Allenstein
E-Mail: myron@allenstein.com
Rose Marie Allenstein
E-Mail: rose@allenstein.com

*/s/ Iwana Rademaekers*
Iwana Rademaekers